IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CR. No. 06-343 (RMU) |
| | ) | |
| DEBORAH CHAMBERS | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Deborah Chambers, through undersigned counsel, submits this memorandum to assist the Court in determining the appropriate sentence to impose at her sentencing hearing currently scheduled for May 7, 2007. Ms. Chambers respectfully requests that the Court exercise its discretion and impose a sentence below the advisory sentencing guidelines. Specifically, we ask that the Court impose an appropriate period of probation with community service and full restitution.

Ms. Chambers waived her right to an indictment and pleaded guilty to a one-count information charging her with embezzlement of government money. The charges stem from her conduct which occurred between 2004 and 2006, while Ms. Chambers was employed at the United States Department of State Office of International Conferences, where she had worked from 1988 until 2006. Over the course of several years, Ms. Chambers embezzled approximately $103,000. When confronted by the government, she immediately admitted her wrongdoing.

**A PROBATIONARY SENTENCE IS "SUFFICIENT BUT NOT GREATER THAN NECESSARY" TO COMPLY WITH THE PURPOSES OF 18 U.S.C. § 3553**

As the Court is well-aware, the guidelines are now advisory, that is, one among a number

of factors to be weighed by the sentencing court. United States v. Booker, 543 U.S. 220 (2005) See United States v. Price, 409 F.3d 436, 443 (D.C. Cir. 2005) (noting that Booker excised mandatory Guidelines provision of 18 U.S.C. § 3553(b) but that § 3553(a)'s specification of factors that guide federal sentencing, including application of Guidelines, remains in effect). As the Price Court stated, "[t]hese factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with needed educational or vocational training, any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution to any victims." Id. at 442 (citing § 3553(a)).

Ms. Chambers agrees with the Probation Office's calculation of her guideline range. However, in light of § 3553(a)'s directive that "[t]he court shall impose a sentence sufficient, but not greater than necessary to comply with the sentencing purposes set forth in [§ 3553(a)(2)]," Ms. Chambers submits that a non-Guidelines sentence consisting of a period of probation with home confinement and community service as well as full restitution, is the appropriate sentence in this case.

The most important consideration for the District Court in sentencing Ms. Chambers must be the directive of Congress to "impose a sentence sufficient but not greater than necessary, to comply with [the purposes of sentencing]". 18 U.S.C. § 3553(a). See e.g., United States v. Minisro-Tapia 470 F.3d 137, 142 (2d Cir. 2006); United States v. Yopp, 453 F.3d 770, 774 (6th Cir. 2006); United States v. Rodriguez-Rodriguez, 441 F.3d 767, 770 (9th Cir. 2006); United States v. Ranum, 353 F. Supp.2d 984, 986 (E.D.Wis. 2005). While the standard on appeal is

whether the sentence is reasonable, that is <u>not</u> the standard for the District Court. <u>United States v. Collington</u>, 461 F.3d 805, 807 (6th Cir. 2006) ("a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task."); <u>United States v. Foreman</u>, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task").

It is clear that in the post-<u>Booker</u> world of advisory Guidelines, the sentencing judge has broad discretion to impose a non-Guidelines sentence where appropriate after considering the pertinent § 3553(a) factors. As articulated recently by the Second Circuit, "[a]lthough the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all of the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness." <u>United States v. Jones</u>, 460 F.3d 191, 195 (2nd Cir. 2006) (upholding non-Guidelines sentence of 15 months' imprisonment, which was 15 months below bottom of applicable range).

Ms. Chambers acknowledges that under the current law of this Circuit a sentence that falls within the properly calculated advisory Guidelines range *may* be presumed reasonable *by an*

*appellate court*. United States v. Dorcely, 454 F.3d 366, 376 (D.C. Cir. 2006).[1] But as this Circuit also more recently held, "[a] sentencing judge *cannot presume* that a Guidelines sentence is the correct sentence." United States v. Pickett, (No. 05-3179, D.C. Cir. February 13, 2007, *slip op.* at 12) (emphasis added). Rather, the correct approach "is to evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in § 3553(a)." Id. In any event, as a number of courts have recognized, even a presumption of reasonableness for a guidelines sentence does not mean that a non-Guidelines sentence is presumptively unreasonable. See, e.g., United States v. Valtierra-Rojas, 468 F.3d 1235, 1239 (10th Cir. 2006); United States v. Matheny, 450 F.3d 633, 642 (6th Cir. 2006); United States v. Myers, 439 F.3d 415, 417 (8th Cir. 2006). Instead, on appeal a non-Guidelines sentence will be reviewed for overall reasonableness in light of the sentencing court's consideration of the § 3553(a) factors. United States v. Plaza, 471 F.3d 876, 879 (8th Cir. 2006).[2]

On appeal, a sentence below the advisory guidelines range will be deemed reasonable if the court expresses its "reasons, consistent with section 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant." United States v.

---

[1] Given the apparent inconsistencies between Dorcely and Pickett, it is unclear whether even an appellate court should presume a guideline sentence is appropriate. The Supreme Court recently granted certiorari to decide whether a within-Guidelines sentence should be afforded a presumption of reasonableness. Rita v. United States, 127 S. Ct. 551 (2006). Although it is always dangerous to read too much into comments made during oral argument, it is interesting to note that Justice Scalia commented during oral argument in Cunningham v. California, "to say that a sentence within the guideline range is reasonable is not to say that a sentence outside the guideline range is unreasonable. . . the sentencing commission's determinations . . . are surely not the only reasonable disposition."

[2] In Claiborne v. United States, 127 S.Ct. 551 (2006), the Supreme Court granted certiorari to review the reasonableness of a below-Guidelines sentence and to decide whether a substantial variance from a Guidelines range must be justified by extraordinary circumstances.

Dean, 414 F.3d 725, 729 (7th Cir. 2005). Justifying a sentence outside the range does not require canvassing all the factors set forth in § 3553(a), "' it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" United States v. George, 403 F.3d 470, 473 (7th Cir. 2005)). A sentence is reasonable if imposed "for reasons that are logical and consistent with the factors set forth in 3553(a)." United States v. Williams, 425 F.3d 478, 481 (7th Cir. 2005).

The Court's exercise of sentencing discretion to impose a probationary sentence in this case also is supported by two other statutory sentencing provisions. Under 18 U.S.C. § 3661, which was expressly endorsed by the Booker majority, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence." Moreover, 18 U.S.C. § 3582 directs that in determining whether to impose a sentence of incarceration, sentencing courts "shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that this Court may consider all relevant sentencing factors, including prohibited Guidelines departure factors, in fashioning an individualized sentence in this case. See United States v. Gomez, 431 F.3d 818, 825 (D.C. Cir. 2005) ("[i]f Booker's rendering the Guidelines discretionary means anything, it must give a district judge greater latitude on these [prohibited departure] issues than did Koon [v. United States, 518 U.S. 81 (1996)]." The decision in United States v. Serrata, 425 F.3d 886 (10th Cir. 2005), is instructive on this point. In that case, in  pre-

Booker sentencings, the district court had granted each of three defendants a five-level downward departure for factors such as family ties and responsibilities, employment record, community support, lack of a criminal record, and civic and public service.  Although the court of appeals held that those prohibited factors were not sufficiently unusual or exceptional to justify the departures, it held that these same factors were relevant under §3553(a) to the district court's consideration, on remand, of whether a post-Booker sentence below the advisory Guidelines range was appropriate.  Id. at 910-15, 918-20.  The court noted that there "appears to be tension among the statutes and the guidelines . . . [b]ut, in the wake of Booker, the incongruity diminishes as *sentencing judges are encouraged to exercise their discretion*."  Id. at 918-19 (emphasis added).  Thus, although the Guidelines generally prohibit as departure factors a defendant's education and vocational skills (U.S.S.G.§ 5H1.2 (policy statement)), employment record (§ 5H1.5 (policy statement)), and family ties and responsibilities (§ 5H1.6 (policy statement)), this Court can consider these factors in determining whether a non-Guidelines sentence is appropriate here.

Ms. Chambers certainly does not dispute the seriousness of the offense.  She recognizes her wrongdoing and accepts full responsibility for her actions.  To that end, she immediately agreed to plead guilty – even before being indicted.  She also acknowledges that after this incident, but before entering her guilty plea, she committed a second offense.  She stole approximately $3000 from an employer.  In that case, she was placed on probation before judgement and has worked several jobs over the past few months to pay off the restitution and court costs imposed in that case.  Since entering her plea in this case, she has committed no new offenses.

The primary reason Ms. Chambers asks this Court not to sentence her to incarceration is her family situation.  She has three school age children and is in a marriage that is true in name only, and

is marked with abuse. (See Attached Order of Protection). She and her husband essentially live separate lives. Ms. Chambers suffers from severe depression and physical pain from scoliosis, prior back injuries, and carpal tunnel syndrome. (See Attached letter fro Dr. Gargour). She and her children have been involved in counseling over the years. (See Attached letter from Dr. Hammond). Her husband has, for the most part, refused to participate. Her eldest son has suffered a breakdown and is on medication for depression. He youngest son is also severely depressed and has ADHD. Ms. Chambers' daily existence is a struggle to maintain her own sanity and to protect her children. She has complete responsibility for paying the family bills. Her daughter, the only child apparently not suffering from depression, is in private school which is expensive. Ms. Chambers does not want to take her out of private school as she is doing well. The family home has recently been foreclosed upon. She works several jobs, despite her health issues, in an effort to make ends meet. There is no question but that she needs mental health assistance and needs assistance in financial planning and learning to live within her means.

  The recommended sentence of a period of probation combined with home detention and community service is "sufficient but not greater than necessary" to comply with § 3553(a)'s sentencing purposes and, as set forth above, there are compelling justifications for a non-Guidelines sentence that would be just slightly lower than that suggested by the guidelines. Moreover, a probationary sentence would be reasonable in light of recent federal appellate decisions upholding as reasonable similar "variances" from the applicable Guidelines ranges. See, e.g., United States v. Wadena, No.06-2535, 2006 WL 3511789 (8th Cir. Dec. 7, 2006) (affirming non-Guidelines probationary sentence based on combination of circumstances, including defendant's family responsibilities, where presumptively reasonable Guidelines range was 18-24 months'

imprisonment); United States v. Jones, 460 F.3d at 195-96 (affirming non-Guidelines sentence of 15 months in prison based on defendant's work ethic, family ties, and good adjustment to state probation, where Guidelines range was 30-37 months' imprisonment).

## CONCLUSION

Given Ms. Chambers' family responsibilities, her physical and mental health issues (as well as those of her children), her employment history, and her efforts at compliance with pretrial release in this case (although not perfect) as well as her conditions of probation in her Maryland case, we respectfully request that the Court sentence her to a period of probation, possibly with a period of home confinement and/or community service. The proposed sentence serves all of the interests at issue in this case. Whatever sentence the Court imposes, Ms. Chambers already has been punished – she has lost her federal job, is a convicted felon, and will have to struggle to make restitution. Since entering her plea in this case, she has made full restitution in the other matter in Maryland and has, with the exception of a couple of missed phone check-ins, has demonstrated her ability to comply with her release conditions. While she is ready to accept whatever punishment the Court deems appropriate, she is very concerned about the collateral consequences of any such punishment on her family. In particular, she worries about her children if she is taken from the family. For the sake of her family, we urge the Court to temper its justice with an element of mercy.

Respectfully Submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


/s/
_____
Michelle Peterson

Assistant Federal Public Defenders
625 Indiana Avenue, N.W. Suite 550
Washington, D.C.  20004 (202)
208-7500, ext. 125