UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-343 (RMU) |
| | : | |
| v. | : | |
| | : | |
| DEBORAH K. CHAMBERS | : | |
| | : | |
| **Defendant.** | : | |

### GOVERMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum to assist the Court in determining the appropriate sentence at the Sentencing Hearing set for May 7, 2007. For the reasons discussed herein, the government respectfully requests that the Court impose a sentence consistent with the Sentencing Guidelines.

Defendant has pleaded guilty and accepted responsibility for her conduct in the instant offense, and defendant's plea agreement – and the calculation of defendant's Sentencing Guidelines offense level in the Presentence Investigation Report – reflects the two-point adjustment for acceptance of responsibility that defendant should receive as a result of her guilty plea. However, the government submits that the two-point adjustment should be the extent of the benefit that defendant receives for pleading guilty. In order to deter defendant from committing future acts of fraud, defendant should receive a sentence within the range calculated by the Presentence Investigation Report.

Unfortunately, defendant's embezzlement in this case was not the first or last act of fraud committed by defendant, but instead part of a pattern of financial fraud. First, defendant committed three acts of financial fraud prior to the instant offense. In 1991, defendant received a

14-day administrative suspension from the Department of State for misusing a Diner's Club card; defendant used the card to forge travel orders.  Moreover, in 1997, defendant also received a two-week suspension for failing to return a travel advance for a trip that did not occur.  And in 2000, defendant misused a credit card number supplied to her by a State Department employee for whom defendant was supposed to book a hotel room.  Defendant used the employee's credit card to pay her utility bill.  As for the act of fraud subsequent to the instant offense, defendant has pleaded guilty to embezzling funds from a country club in Fort Washington, Maryland, in October 2006, after she was placed on administrative leave by the Department of State for her conduct in this case.

Nor was defendant's conduct in the instant case a one-time act.  Rather, defendant forged travel vouchers for 15 separate individuals on 15 separate occasions, embezzling over $100,000 in the process.  On each occasion, defendant forged multiple documents, including forged permission statements from those individuals.

The government is sympathetic to defendant's family situation, but it is not clear why defendant was driven by that situation to commit repeat acts of embezzlement and fraud.  The fact that defendant embezzled money from the country club shortly after being suspended from the Department of State is particularly troubling.  Upon obtaining a new job, defendant immediately began embezzling money, and even the fact that the federal government was investigating her for that very conduct did not deter her from continuing to commit financial fraud.  In order to ensure that defendant is deterred from committing yet additional acts of fraud, the government submits that defendant should receive a sentence within the Sentencing Guideline range.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney for the
        District of Columbia


By:    \_\_\_/s/_____
        GLEN DONATH
        D.C. Bar No. 460582
        Assistant United States Attorney
        Fraud & Public Corruption Section
        555 4th Street, NW
        Washington, D.C. 20530
        (202) 514-9555